QUESTION:
Can a search warrant be issued based on information received from a police officer whose information has been obtained through the use of a device known as a "shotgun mike," which is capable of picking up conversation at an unobstructed distance of 200 feet or through a plate glass window up to 40 feet?
SUMMARY:
Information received by a law enforcement agency through the use of a shotgun mike can form the basis for the issuance of a search warrant if there is full compliance with the provisions of ss.934.07 and 934.09, F.S., inasmuch as a shotgun mike is a device described in s. 934.02(4).
In Katz v. United States, 389 U.S. 347 (1967), the petitioner was convicted under an eight-count indictment charging him with transmitting wagering information by telephone from Los Angeles to Miami and Boston in violation of 18 U.S.C. § 1084. At his trial, and over his objection, the government was permitted to introduce evidence of petitioner's end of telephone conversations which were overheard by FBI agents who had attached an electronic listening and recording device to the outside of the public telephone booth from which he had placed his calls. The United States Supreme Court reversed Katz's judgment of conviction, and, in so doing, the court held that the Fourth Amendment protects people — not simply areas or places — against unreasonable searches and seizures and concluded that the electronic surveillance of Katz's phone conversations, without prior approval by a judge or magistrate, was not an exception to the warrant requirements of the Fourth Amendment. The position of the court in Katz was reaffirmed in Alderman v. United States, 394 U.S. 165 (1969), in which the court made it clear that the Fourth Amendment protects a person's private conversations against the uninvited ear; and, if oral statements are illegally overheard, those statements as well as their fruits are subject to suppression.
Subsequent to the decision in Katz, the Florida Legislature enacted legislation to establish guidelines for the interception of wire and oral communications. Chapter 934, F.S., known as the Security of Communications Statute, provides procedures to be followed by law enforcement agencies seeking to obtain information through the use of wiretaps or electronic surveillance. The use of wiretaps and other surveillance devices to intercept wire or oral communications must be by prior court order pursuant to s. 934.09. In addition to criminal and civil penalties for violations of Ch. 934, see ss. 934.03, 934.04, and 934.10, F.S. Section 934.06, F.S., provides:
"Prohibition of use as evidence of intercepted wire or oral communications. — Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter."
Thus, it can be seen that Florida has essentially codified the decision in Katz.
Section 934.02(2), (3), and (4), F.S., states:
"(2) "Oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation;
(3) "Intercept" means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device;
(4) "Electronic, mechanical, or other device" means any device or apparatus which can be used to intercept a wire or oral communication other than:
(a) Any telephone or telegraph instrument, equipment or facility or any component thereof furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business, or being used by a communications common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties;
(b) A hearing aid or similar device being used to correct subnormal hearing to not better than normal;"
Based on your description and the capabilities of the shotgun mike, there is no doubt that it is one of the devices defined in s. 934.02(4), supra. Being so defined, its usage to intercept conversations that fit within the definition of oral communications under s. 934.02(2) is proscribed unless based upon a prior court order authorizing the interception of the oral communication.
In order to use a shotgun mike to secure information which will later be used as the basis for the issuance of a search warrant, the law enforcement agency involved must first receive authorization under s. 934.07, F.S.:
"934.07 Authorization for interception of wire or oral communications. — The governor, the department of legal affairs, or any state attorney may authorize an application to a judge of competent jurisdiction for, and such judge may grant in conformity with this chapter, an order authorizing or approving the interception of wire or oral communications by the department of law enforcement or any law enforcement agency of this state or any political subdivision thereof having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling (when the same is of an organized nature or carried on as a conspiracy in violation of the laws of this state), robbery, burglary, grand larceny, prostitution, criminal usury, abortion, bribery, extortion, dealing in narcotic drugs or other dangerous drugs, or any conspiracy to commit any violation of the laws of this state relating to the crimes specifically enumerated above."
After the law enforcement agency has been authorized to apply to a judge of competent jurisdiction for an order authorizing or approving the interception of a wire or oral communication pursuant to s. 934.07, F.S., the agency must then comply with the provisions of s. 934.09, F.S., which establishes the procedures to be followed in completing the intercept application and the procedures to be followed by the judge in issuing the intercept order.
Your question is answered in the affirmative if there is full compliance with the provisions of ss. 934.07 and 934.09, F.S.